IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERESA SHELTON,

          Plaintiff,

v.

BRADLEY GRIFFITH, JR.,
RONALD COLBURN,
BENNIE VICK,
AMANDA BYASSEE GOTT,
CORTNEY GRIFFITH, AND
BRET GENTRY,

          Defendants.

Case No. 22-cv-00102-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    This case is now before the Court for consideration of Shelton's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 3). On January 19, 2020, Teresa Shelton filed a Complaint against Defendants Bradley Griffith, Jr.; Williamson County Deputy Sheriff Ronald Colburn; Williamson County Sheriff Bennie Vick; Circuit Judge Amanda Byassee Gott of the Illinois First Judicial Circuit; Cortney Griffith; and Williamson County Commissioner Bret Gentry. Her sprawling complaint alleges a multitude of claims.

    Against Griffith, she alleges that he placed a hidden recording device at 5546 Wheeler Lane in Carterville, Illinois; that he "violated [her] 4th Amendment rights with his surreptitious audio /Video surveillance device [sic]"; that he allegedly recorded and is in the possession of footage of Shelton "naked from the waist down";

that he stalked and harassed her; that he violated her "freedom of speech . . . [and] freedom of opinion" under the First Amendment; that he "blocked [her] ability, to have equal protection under the law, my 14th Amendment [sic]"; and that he used government agencies to harass her. (Doc 2, pp. 7–8). Against Colburn and Vick, she alleges that their lack of investigation of Griffith's actions violated her Eighth and Fourteenth Amendment rights (Doc. 2, pp. 8–10). She alleges that Judge Gott's order "to Not call Police . . . [violated] her 14 Amendment equal protection under the law [sic]" and that Judge Gott violated her "9th Amendment by not allowing [her] an impartial proceeding [sic]" (Doc. 2, p. 10). Her allegations against Cortney Griffith involve alleged violation of Shelton's "First Amendment Rights in privacy [sic]" because she alleges that Ms. Griffith knew about the video footage in question and that she "aided and tenaciously, relentlessly, with her husband, stalked, Teresa Shelton, called Government agencies to assist her harassment, Fire Department, Environmental Protection Agency, and anyone else she could get to respond" (Doc. 2, pp. 10–11). Finally, the claims against Gentry involve comments made on Facebook that "violated [Shelton's] right to freedom of speech, Amendment 1 [sic]"; that "Mr. Gentry and Mr. Griffith together were stalking me for some reason"; and that he has viewed the video footage of Shelton, which caused an invasion of her privacy, "blocking any way of having equal protection under the law" (Doc. 2, p. 11–12).

Along with her Complaint, Shelton filed a Motion to Proceed IFP (Doc. 3), a Motion for Service of Process at Government Expense (Doc. 4), a Motion for

Recruitment of Counsel (Doc. 5), a Motion for Protective Order (Doc. 6), and a Motion to Copy (Doc. 7).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he [or she] possesses [showing] that he [or she] is unable to pay such fees or give security therefor." Furthermore, Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Shelton's Motion to Proceed IFP requires this Court to closely review the allegations of her petition.

While Shelton appears to be indigent and has signed her affidavit attesting to her indigency (Doc. 3), 28 U.S.C. § 1915(a)(1) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. Reviewed under this standard, Shelton's Complaint fails for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1), 41(b). Additionally, Shelton's claims fail the additional level of review demanded by 28 U.S.C. § 1915(e)(2).

The Court gives jurisdictional scrutiny on the issue of federal subject matter jurisdiction. "It is the responsibility of a court to make an independent evaluation of

whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007*). See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . .").

First, Shelton has failed to properly plead federal question jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), or 42 U.S.C. § 1983 as required in a pro se civil rights complaint (Doc. 2, p. 1). While her complaint discusses a variety of wrongs she alleges that the Defendants committed, it does not explain how any of the allegations require the jurisdiction of the federal courts. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . .") (citations omitted). Neither the Constitution nor a federal statute confers jurisdiction for Shelton's various claims. Her talismanic invocation of various constitutional rights is not sufficient to establish federal question jurisdiction. Similarly, regarding diversity jurisdiction, Shelton has not adequately pled any of the Defendants' citizenship to establish diversity jurisdiction in accordance with 28 U.S.C. § 1332(a). Therefore, her Complaint fails on jurisdictional grounds alone.

Even if jurisdiction were adequately established, Shelton's claims are defective under 28 U.S.C. § 1915(e)(2). See *Hoskins*, 320 F.3d at 763. Her Complaint makes murky factual statements and conclusory allegations regarding nebulous violations of constitutional rights. Without more, these allegations merely suggest the sheer possibility that the Defendants acted unlawfully, rather than providing a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal citations omitted). *See also Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010) (citing *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)) ("before subjecting defendants to 'paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy,' the plaintiff must meet a 'high standard of plausibility'"). Her circuitous claims border on frivolity and do not meet the threshold requirements of 28 U.S.C. § 1915(e)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff Teresa Shelton's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **DENIED** and the Complaint (Doc. 2) is **DISMISSED without prejudice** for lack of jurisdiction and failure to state a claim under which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Shelton's Motion for Service of Process at Government Expense (Doc. 4), Motion for Recruitment of Counsel (Doc. 5), Motion for Protective Order (Doc. 6), and Motion to Copy (Doc. 7) are all **DENIED** as **MOOT**.

Shelton may file a First Amended Complaint in this case by **April 20, 2022** if she wishes to re-plead her claim herein. Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or failure to prosecute her claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The First Amended Complaint must stand on its own, without reference to any previous pleading. The

amended complaint is also subject to review under 28 U.S.C. § 1915(e)(2). No service shall be ordered until review is completed.

**IT IS SO ORDERED.**

**DATED:** March 30, 2022

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
